UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEECHWOOD DEVP., LLC, a Wisconsin limited liability company, PAINE FIELD HOTEL DEVP., LLC, a Washington limited liability company,<br><br>                  Petitioner,<br><br>v.<br><br>OLYMPUS TERRACE SEWER DISTRICT, a Washington municipal corporation, PATRICK SORENSEN, an individual,<br><br>                  Respondent. | No. C05-745P<br><br>ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF PAINE FIELD HOTEL DEVP. AND GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

     This matter came before the Court on Plaintiffs Beechwood Devp. and Paine Field Hotel Devp.'s Motion for an Order Voluntarily Dismissing Paine Field Hotel Devp., LLC Without Prejudice and Motion for Leave to File First Amended Complaint. (Dkt. Nos. 17 & 18). Having reviewed all relevant materials, in opposition of and support of the two motions, this Court concludes that Paine Field Hotel Devp., LLC is not an indispensable party to this litigation. Accordingly, Plaintiffs' motions are hereby GRANTED.

BACKGROUND

     Beechwood, a Wisconsin LLC, is developing the Hilton Garden Inn Seattle North/Everett hotel ("Hotel") for Paine Field Hotel Devp., ("PFHD"), a Washington LLC, in unincorporated Snohomish County. The Olympus Terrace Sewer District ("District"), a Washington municipal corporation, provides sewer services to residents and businesses in this area. This dispute arises out of the charges for sewer connections for the Hotel.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF PAINE FIELD HOTEL DEVP. AND GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT-1

ANALYSIS

Neither party disputes the fact that PFHD is a real party in interest. However, PFHD's status as a real party in interest does not mandate PFHD's involvement in this case. Although both Plaintiffs, Beechwood and PFHD, share similar interests and either or both could maintain the present action, this Court finds that it is not necessary for both Beechwood and PFHD participate in the litigation.

Defendant's main argument in opposition to Plaintiffs' motion is that PFHD is both a real party in interest and an indispensable party, and thus cannot be dismissed. Although Defendant focuses on whether PFHD is a real party in interest, this is not in dispute. The matter at issue is joinder, and specifically whether PFHD is a necessary and indispensable party to the litigation that should be forced to remain joined to the action. This issue can best be understood if viewed in terms of a "reverse joinder." If the Court denies the Plaintiffs' motion for voluntary dismissal of PFHD, the Court is in essence forcing the joinder of two parties. Therefore, in order to determine whether the two parties should be forced to remain joined, the Court must determine whether PFHD is a necessary and indispensable party.

Defendant provides basis for the argument that PFHD is a real party in interest, a fact that is not disputed. However, Defendant does not provide support for the contention that PFHD is an indispensable party, nor does it support its contention that Beechwood could not maintain this action as the lone Plaintiff. The Court finds that either Beechwood or PFHD could bring this litigation independently without being forced to join the other party. Therefore, because PFHD would not have been forced to join the litigation in the first place, this Court will not force it to remain a party to the suit now.

I. Real Party In Interest

Rule 17(a) requires that an action be brought by a "real party in interest." Fed.R.Civ.P. 17(a). This includes "a party with whom or in whose name a contract has been made for the benefit of

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF PAINE FIELD HOTEL DEVP. AND GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT-2

another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought." Id.

In a federal diversity action, whether a party is a real party in interest depends on whether it is entitled to enforce the right sued upon under the applicable state law and state substantive law applies to the claims and defenses raised by the parties. Am. Triticale, Inc. V. Nytco Services, Inc., 664 F.2d 1136, 1141 (9th Cir. 1981) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Who the real party in interest is depends on who has the right to sue under applicable substantive law. Id.

Following this line of reasoning, both Beechwood and PFHD are real parties in interest because both have the right to sue under applicable law. In the case at hand, Beechwood is a party with whom or in whose name a contract has been made for the benefit of another because Beechwood entered into contracts on behalf of PFHD. The fact that PFHD is a real party in interest does not alone require its presence in this lawsuit because Beechwood is also a real party in interest.

II. Necessary and Indispensable Parties

A party is necessary to the action and must be joined if the "person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may...leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(ii). The basic purpose of this rule is to protect a defendant from subsequent similar actions by one not a party to the initial action. Expeditors Int'l of Wash., Inc. V. Expeditors (Japan), Ltd., 224 F.R.D. 661 (W.D. Wash., 2004) (citing Pac. Coast Agric. Exp. Ass'n v. Sunkist Growers, Inc., 526 F.2d 1196, 1208 (9th Cir. 1975)).

In determining which parties are indispensable, it is therefore imperative to consider whether dismissing PFHD from this suit would put the Defendant's interests at risk. The real party in interest requirement ensures that judgments will be entitled to res judicata effect, thus saving defendants from further harassment or vexation at the hand of some other claimant to the same demand. See Pac.

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF PAINE FIELD HOTEL DEVP. AND GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT-3

1  Coast Agr. Exp. Ass'n, 526 F.2d at 1208 (9th Cir. 1975). The Court determines that this is not a

2  problem in the case at hand, because collateral estoppel would prevent PFHD from pursuing the same

3  claim against the District in subsequent lawsuits.

4        In arguing that PFHD is a necessary party to the litigation, Defendant points to the fact that

5  the sewer permit application and the sewer connection permit were in the name of PFHD and the

6  check for payment of the connection fee was issued by PFHD. However, it is clear from the

7  pleadings that dealings with the District on behalf of the Hotel project were carried out almost

8  exclusively by Beechwood.

9  CONCLUSION

10        Although PFHD is a "real party in interest" in this case, PFHD is not a necessary or

11  indispensable party to the litigation. The suit could go on without PFHD's involvement without

12  running the risk of harming the interests of any of the parties involved. The Court therefore

13  GRANTS Plaintiffs' motion and allows for the voluntary dismissal of PFHD. The Court also

14  GRANTS Plaintiffs' motion for leave to file the first amended complaint.

15        The clerk is directed to send copies of this order to all counsel of record.

16        Dated this 3rd day of August, 2005.

Marsha J. Pechman
United States District Court

ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF PAINE FIELD HOTEL DEVP. AND GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT-4