UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEECHWOOD DEVP., LLC, a Wisconsin limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>OLYMPUS TERRACE SEWER DISTRICT, a Washington municipal corporation, and PATRICK SORENSEN, an individual<br><br>        Defendants | No. C05-0745-MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIM |

      This motion comes before the Court on Defendants' request for dismissal of Plaintiff's 42 U.S.C. § 1983 claim. Plaintiff alleges a substantive due process violation based on the deprivation of the use and enjoyment of $200,000 caused by Defendants' allegedly illegal overcharging for sewer access. Defendants argue that the claim fails because it does not meet the requirements for a substantive due process claim. The Court GRANTS Defendants' 12(b)(6) motion and DISMISSES the 42 U.S.C. § 1983 claim for failure to state a claim. Plaintiff unsuccessfully alleges a violation of substantive due process under the Fourteenth Amendment because Defendants' alleged actions do not meet the "shocks the conscience" test. Additionally, the overcharged fees do not support a takings claim under the Fifth Amendment.

**BACKGROUND**

      Defendant Olympus Terrace Sewer District ("the District") provides sewer service to Paine Field in Snohomish, WA. RCW 57.08.005(10) gives the District the power to charge a reasonable

ORDER - 1

connection fee established by an adopted comprehensive plan. Under RCW 57.16.010(6) the District's Board of Commissioners must adopt the comprehensive plan by resolution. However, in March 1998 the plan was adopted by voice vote. In April 1999 the District adopted a resolution increasing sewer connection fees based on a recommendation in a consulting firm's financial analysis. The recommendation was not part of a comprehensive plan adopted by resolution. Rate increases were affected in the same manner in October 2002, July 2004, and October 2004. The July and October 2004 increases were approved even though the consulting firm recommending the changes advised the District that it needed to adopt a comprehensive plan. Finally, in March 2005 the comprehensive plan was adopted and the District came into compliance with the RCW.

Plaintiff Beechwood Development won the right to build a hotel on Paine Field in Snohomish County, subject to a negotiated lease which provides for "reasonable charges" for sewer connection and fees. Beechwood was required to pay an excess of $300,000 for a connection fee not properly adopted.

## DISCUSSION

Courts should not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) unless it appears, without a doubt, that the plaintiff cannot prove any set of facts in support of its claim that would entitle relief. Williamson v. General Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000); Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). The Court must accept the allegations of the complaint and should construe them liberally and in the plaintiff's favor. Scheur v. Rhodes, 416 U.S. 232, 236 (1974).

For a civil rights claim under §1983, Plaintiff must establish a deprivation of a federal constitutional or statutory right by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). To base a civil rights claim on a violation of substantive due process Plaintiff must show a deprivation of life, liberty or property as established by the Fourteenth Amendment. Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004); Nunez v. City of Los

ORDER - 2

1  Angeles, 147 F.3d 867, 871 (9th Cir. 1998). A takings claim under the Fifth Amendment requires a

2  showing that the state actor took a recognizable property interest without just compensation.

3  **I. Substantive due process is not the proper foundation for Plaintiff's claim**

4  Plaintiff defines the federal rights violation as a deprivation of substantive due process

5  guaranteed by the Fourteenth Amendment. Plaintiff alleges that Defendants deprived it of a property

6  interest, specifically the use and enjoyment of $200,000, when Defendants overcharged sewer

7  connection fees based on rates improperly established under state statutes. Plaintiff cites several cases

8  for the proposition that "Beechwood's monetary property interest falls squarely within the due process

9  protection afforded by the Fourteenth Amendment." (Pl.'s Response at 5). However, these cases apply

10 to procedural due process instead of substantive due process. Procedural due process authority does

11 not hold for substantive due process.

12 Courts have become wary of substantive due process and have restricted its application.

13 "[R]ecent jurisprudence restricts the reach of the protections of substantive due process primarily to

14 liberties 'deeply rooted in this Nation's history and tradition.'" Armendariz v. Penman, 75 F.3d 1311,

15 1319 (9th Cir. 1996). Although interest in property is an historically important right, "the use of

16 substantive due process to extend constitutional protection to economic and property rights has been

17 largely discredited." Id. at 1318-19. The Fourteenth Amendment has been limited to protection from

18 state interference with personal liberties like privacy and bodily integrity. Id. at 1319.

19 In order to stem the growth of substantive due process, courts have turned to more specific

20 constitutional protections to challenge government action. "[W]hen an explicit textual provision of the

21 Constitution protects against the challenged government action, the claim must be analyzed under that

22 specific provision alone." Macri v. King County, 126 F.3d 1125,1128 (9th Cir. 1997). Since Plaintiff

23 alleges that Defendants deprived Plaintiff of property, the civil rights claim is more appropriately

24 lodged under the Fifth Amendment Takings Clause which addresses government appropriation of

25 private property. In fact, the Ninth Circuit has specifically found that substantive due process claims

ORDER - 3

1  based on government interference with property are preempted by the Fifth Amendment Takings

2  Clause. See, Squaw Valley, 375 F.3d at 949; Madison v. Graham, 316 F.3d 867, 871 (9th Cir. 2002);

3  Macri, 126 F. 3d at 1129. This holds true even if the Takings claim would be unsuccessful. Squaw

4  Valley, 375 F.3d at 949. As a result, Plaintiff's § 1983 claim should be grounded in a Fifth

5  Amendment Takings allegation.

6  **II. Even if applicable, Plaintiff does not have a substantive due process claim**

7       If substantive due process applies to the interest in the money, Plaintiff must show a

8  deprivation of life, liberty or property as established by the Fourteenth Amendment. Squaw Valley,

9  375 F.3d at 948; Nunez, 147 F.3d at 871. Plaintiff urges the Court to use a Washington Supreme

10 Court test for substantive due process from Presbytery of Seattle v. King County, 114 Wn.2d 320,

11 331-32 (1990). Since Plaintiff alleges a federal civil rights violation to be determined under federal

12 law, this test does not bind the Court. Additionally, the test is not on point as it applies to deprivations

13 associated with land use. Plaintiff does not claim a violation of the right to use land but of the right to

14 enjoy personal property.

15      The correct test for substantive due process claim in the Ninth Circuit provides that substantive

16 due process "forbids the government from depriving a person of life, liberty, or property in such a way

17 that 'shocks the conscience' or interferes with rights implicit in the concept of ordered liberty.'"

18 Nunez, 147 F. 3d at 871; Squaw Valley, 147 F. 3d at 871. These cases require Plaintiff to prove a set

19 of facts that demonstrates that the District's actions were so arbitrary and unreasonable as to "shock

20 the conscience." Id.; United States v. Salerno, 481 U.S. 739, 746 (1987).

21      Plaintiff has not alleged a set of facts that would support the substantial burden posed by this

22 test. The complaint details the multiple analyses performed by consulting firms to determine

23 appropriate rates for sewer connection fees. Although the District may have adopted the rate schedule

24 without conforming to state law, the analysis and planning used to determine the rate does not point to

25 arbitrary and unreasonable actions that "shock the conscience."

ORDER - 4

**III. The Takings Clause as a foundation for Plaintiff's claim**

Since Plaintiff alleges that the District unlawfully took its property, Plaintiff's claim is properly stated under the Takings Clause of the Fifth Amendment rather than Fourteenth Amendment substantive due process. Plaintiff's loss of money due to overcharging does not constitute a successful takings claim. Although property has been taken for public use, (i.e. maintenance of the sewage system), fees collected for this government service generally do not constitute a taking of property.

> [T]he principles of takings law that apply to real property do not apply in the same manner to statutes imposing monetary liability. Thus, even though taxes or special municipal assessments indisputably "take" money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment.

Branch ex. Rel. Maine Nat'l Bank v. United States, 69 F.3d 1571, 1576 (Fed. Cir. 1995). See also, United States v. Sperry Corp., 493 U.S. 52, 63 (1989) (a reasonable user fee is not a taking if imposed to reimburse the government for services); Union Elec. Co. v. United States, 363 F.3d 1292, 1296 (Fed. Cir. 2004) (special assessments do not constitute a taking because the Takings Clause does not apply to legislation requiring payment of money); Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1339 (Fed. Cir. 2001) (obligation to pay money is not an unconstitutional taking); Longshore v. United States, 77 F.3d 440, 443 (Fed. Cir. 1996) (fee required by Congress to participate in lottery for cellular radio license did not violate Takings Clause even if in excess of amount needed to recoup handling cost); Abney v. Alameida, 334 F. Supp. 2d 1221, 1228 (S.D. Cal. 2004) (a reasonable user fee is not a taking if imposed to reimburse the government for services).

The cases emphasize that reasonable fees are not takings. An assessment, fee or tax may be a taking if "the exaction is a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property." Houck v. Little River Drainage Dist., 239 U.S. 254, 265 (1915). See, Roedler v. Doe 255 F.3d 1347, 1356 (Fed. Cir, 2001); Garneau v. City of Seattle, 147 F.3d 802, 817 (9th Cir. 1998) (Williams, D.J., concurring). This abuse might stem from a disproportionate expenditure for the benefit conferred. Phillip Wagner, Inc. v. Leser, 239 U.S. 207, 220 (1915). The abuse might also arise

ORDER - 5

from unreasonable or excessive fees. In this case, Plaintiff does not argue that the fees themselves were unreasonable or excessive in nature, nor does Plaintiff claim that the amount paid to the District exceeded the benefit received in services. Instead, Plaintiff argues that the rate was too high based solely on the legal technicalities of state law. If the Defendants followed the statutes to the letter of the law, Plaintiff appears to have no dispute about the fee charged. As a result, the fee itself seems to be a "reasonable users fee" even if the method used to adopt the fee was not reasonable. The sewer connection fee does not to satisfy the "flagrant abuse" or unreasonable/excessive nature requirement needed to qualify as a taking.

Even if the Court assumed the fees were excessive, Plaintiff still does not state a claim under the Takings Clause due to failure to exhausted state remedies. A takings claim does not become ripe until a plaintiff has sought compensation through state procedures. <u>Macri</u>, 126 F.3d at 1129. Since Plaintiff's complaint includes state claims seeking repayment, Plaintiff has not exhausted the remedies available within the state system.

The Court's dismissal the 42 U.S.C. § 1983 claim renders Defendant Sorensen's qualified immunity defense moot. Additionally, with the dismissal of Plaintiff's federal cause of action, the only basis for subject matter jurisdiction is diversity jurisdiction. Should the Court conclude that diversity is lacking, the Court will decline to exercise supplemental jurisdiction over the remaining state claims. Such claims are best suited for the state judicial system.

## CONCLUSION

Plaintiff has not established a claim that can serve as the foundation for a 42 U.S.C. § 1983 claim. The deprivation of property alleged renders the claim a takings claim under the Fifth Amendment rather than a substantive due process claim under the Fourteenth Amendment. Fees collected for government service usually do not qualify as takings unless they are excessive or abusive. Even if the fees charged by the district are unreasonable, Plaintiff does not have a takings claim

ORDER - 6

1  because it has failed to exhaust its state remedies. The Court GRANTS Defendant's motion and
2  DISMISSES the 42 U.S.C. § 1983 claim under Fed. R. Civ. P. 12(b)(6).
3       The clerk is directed to provide copies of this order to all counsel of record.
4       Dated: August 15, 2005

                                         */s/ Marsha J. Pechman*
                                         Marsha J. Pechman
                                         United States District Court

ORDER - 7